UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY MONTANO,<br><br>   Plaintiff,<br><br> v.<br><br>KILOLO KIJAKAZI,<br><br>   Defendant. | Case No. 20-cv-05511-AGT<br><br>**ORDER ON MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR REMAND**<br><br>Re: Dkt. Nos. 20, 33 |

On June 30, 2017, following a continuing disability review, the Social Security Administration (SSA) informed Nancy Montano that she was no longer entitled to benefits. Montano requested reconsideration of the SSA's decision on November 14, 2017, and her request was denied on July 6, 2018. Montano maintains that she was not afforded adequate notice of the reconsideration denial for a variety of reasons (including because the SSA sent it to an outdated address), and despite her attempts to file her hearing request, it was not formally notated until November 6, 2019. On January 28, 2020, the ALJ dismissed Montano's hearing request as untimely, finding that she had not shown good cause for missing the 60-day deadline to request a hearing. On June 17, 2020, the Appeals Council denied Montano's request for review of the ALJ's dismissal. Montano subsequently filed this action for judicial review.[1]

---

[1] As Montano acknowledges, the SSA's dismissal of her hearing request as untimely is not an appealable final agency decision under 42 U.S.C. § 405(g). *See Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013) ("Because the SSA's decision whether, for good cause shown, to entertain an untimely hearing request [] is strictly discretionary, it is not final and thus not generally reviewable by a district court."). But an "exception to this rule exists for 'any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination.'" *Id.* (citation omitted). The Court agrees with Montano that she has alleged a colorable due process claim (thus establishing subject matter jurisdiction) because, as in *Dexter*, the record indicates that the ALJ did not follow SSA regulations to determine if she had good cause for her late request for hearing. *See id.* at 980–82 (holding that claimant stated a colorable claim that the ALJ violated due process by failing to address claimant's proffered reasons for filing a late request for a hearing when those reasons were listed as examples of good cause in 20 C.F.R. § 404.911(b)).

Montano has moved for summary judgment seeking remand for payment of benefits or further proceedings in that regard. Dkt. 20. The Commissioner, in response, agrees with Montano that this case should be remanded but the parties disagree as to the terms of remand. Dkt. 33. The issue before the Court is whether remand should be for payment of benefits, as Montano urges, or for further administrative proceedings for the ALJ to reevaluate whether Montano had good cause to file a late request for hearing pursuant to 20 C.F.R. § 404.911. The Court agrees with the Commissioner that the latter course of action is appropriate here. *See Viet Hoang Duong v. Colvin*, 2014 WL 2758751, at *6 (S.D. Cal. June 16, 2014) ("The proper remedy in this situation is not judicial review of the merits of the ALJ's good cause determination or the merits of Plaintiff's application for benefits, but a remand to the SSA for further consideration of Plaintiff's grounds for good cause."); *see also Dexter*, 731 F.3d at 982 (remanding case to the district court with instructions "to remand to the SSA to further consider [plaintiff's] alternative grounds for good cause to file a late request for hearing on her 2003 application for benefits").

Accordingly, this case is remanded to the SSA for further administrative proceedings to allow the ALJ to reevaluate, in compliance with the applicable SSA regulations, whether Montano had good cause for her untimely request for a hearing and to proceed with sequential evaluation, if warranted.

**IT IS SO ORDERED.**

Dated: September 30, 2022

ALEX G. TSE
United States Magistrate Judge